# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2044

_____

David P. Honan, in his capacity as    *
Cottonwood County Attorney and    *
in his individual capacity,    *

         *

       Appellant,    *

         *

     v.    *

         *

County of Cottonwood, Minnesota;    *
Marvin Einertsen, Former    *
Commissioner, in his individual    *
and then-official capacities; Kenneth    *
Elg, Commissioner, in his individual    *    Appeal from the United States
and official capacities; Wendy    *    District Court for the District
Meyer, Former Commissioner, in her    *    of Minnesota.
individual and then-official capacities;    *
Marlow Nelsen, Commissioner,    *    [UNPUBLISHED]
in his individual and official capacities;    *
John Oeltjenbruns, Commissioner,    *
in his individual and official capacities;    *
Cottonwood County Board of    *
Commissioners 2001-2003 Term;    *
Brian T. Pierce, an individual;    *
Scott T. Anderson, an individual;    *
Ratwik, Roszak &    *
Maloney, P.A.,    *

         *

       Appellees.    *

_____

Submitted: February 13, 2004

Filed: April 26, 2004
_____

Before MELLOY, MCMILLIAN, and COLLOTON, Circuit Judges.
_____

PER CURIAM.

David Honan ran for county attorney of Cottonwood County, Minnesota, during the fall of 1998. His platform urged a more open and accountable county government, reform of the county's family services agency, and an overhaul of the county attorney's office. Honan won the election, and was sworn in as county attorney in January 1999. After the election, but prior to Honan taking office, the county board reduced the salary of the county attorney and eliminated a rent subsidy that had been part of the office's budget during the term of Honan's predecessor. Honan believed that these actions were taken in retaliation for statements he made during his campaign. During the year after Honan was sworn in, there were personnel problems in the county attorney's office. These problems prompted investigations, which Honan also believed were retaliatory.

Honan brought suit against the county board and its members, along with others involved in the various events that he believed violated his rights. He alleged that he was retaliated against for exercising his constitutional rights to freedom of speech and association, and to petition the government. Honan claimed that his rights to equal protection and due process, and his constitutional right "to pursue the career for which he was trained," were violated. He further alleged that appellees conspired against him in an attempt to prevent him from taking, holding, and discharging the duties of his office, in violation of 42 U.S.C. § 1985(1). Honan included several state

law claims over which the district court[1] exercised supplemental jurisdiction. The district court granted appellees' motions to dismiss Honan's federal claims, which the district court treated as motions for judgment on the pleadings, see Fed. R. Civ. P. 12(c), and dismissed the state law claims without prejudice, see 28 U.S.C. § 1367(c). Honan timely appealed.

After carefully reviewing the record de novo, see Burton v. Richmond, 276 F.3d 973, 975 (8th Cir. 2002) (standard of review), we conclude that the district court properly dismissed Honan's action. The issues are thoroughly discussed in the district court's 24-page order. Having nothing to add, we summarily affirm. See 8th Cir. R. 47B.

———————————————————————

[1]The Honorable Joan N. Ericksen, United States District Judge for the District of Minnesota.